**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1753
_____

MARTIN GREENBLATT;
MARTHA GREENBLATT,
                                        Appellants

v.

HOWARD KLEIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-04575)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2015

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Martin and Martha Greenblatt, husband and wife, appeal from an order of the United States District Court for the District of New Jersey, which granted the Defendant's summary judgment motion. We will affirm the District Court's judgment.

Because the parties are familiar with the history and facts of the case, we will recount the events in summary fashion. The Greenblatts' amended complaint asserted constitutional and state law claims against Howard Klein, who was the Construction Code Official and Building Sub-Code Official for the Borough of North Plainfield, Somerset County, New Jersey, during the period relevant to the complaint. The Greenblatts' claims stemmed from two incidents when Klein issued a Notice of Violation and Order to Terminate ("NOVOT") for violations he observed at property owned by Martha Greenblatt and managed by Martin Greenblatt. The first NOVOT was served on the Greenblatts for "construction of retaining wall without permits," because the Greenblatts had erected a cinder block wall on their property without obtaining a permit (the Greenblatts asserted that it was a fence rather than a wall, and that it was compliant with height requirements). The second was served on them for "use of a rear portion of the building as a place of worship without permits or certificate of occupancy." The Greenblatts admitted that they had rented the area to a pastor, but argued that he was simply storing furniture in the space, and that Klein had illegally entered the building.

The Greenblatts appealed the NOVOTs to the Somerset County Construction Board of Appeals (SCCOBA), but the Board upheld the NOVOTs and ordered Martha Greenblatt to pay $4000 in fines. The Greenblatts filed suit in the Superior Court of New

2

Jersey, Law Division, Somerset County, against Klein and others. That court affirmed the SCCOBA's decision, holding that the Greenblatts did not have standing to raise a Fourth Amendment claim regarding the search of the church portion of the building, as the property had been rented to a third-party tenant, the Greenblatts did not occupy the property, and they had no reasonable expectation of privacy as to that portion of the property. The New Jersey court also held that the SCCOBA's decision to uphold the NOVOTs was neither arbitrary nor capricious.

In the meantime, the Greenblatts filed the federal complaint at issue here, raising five claims: (1) harassment; (2) violation of the Fourth Amendment; (3) violation of the exclusionary rule; (4) violation of the Takings Doctrine; and (5) violation of 18 U.S.C. § 1001 for fraud and false statements. Klein filed a motion for summary judgment. The Greenblatts opposed the motion and cross-moved for judgment on the pleadings. The District Court granted Klein's motion, holding that: (1) the Fourth Amendment claim and the related exclusionary rule claim were precluded by the Superior Court's decision; (2) the Greenblatts had not identified any federal cause of action for harassment, and the claim would fail if construed as a state law claim for intentional infliction of emotional distress; (3) the Takings claim was without merit; and (4) there is no private right of action under 18 U.S.C. § 1001, which is a criminal statute. The Greenblatts timely appealed.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the order granting summary judgment de novo, using the same standard as the District Court. See Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate

3

when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court properly granted summary judgment as to the Fourth Amendment claims of illegal entry and search of the property. Under 28 U.S.C. § 1738, a federal court is required to give the same preclusive effect to state court judgments that those judgments would be given in that state's own courts.[1] Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). In New Jersey, issue preclusion is appropriately invoked when: (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom issue preclusion is asserted was a party or in privity with a party to the earlier proceeding. Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002). Additionally, the prior proceedings must have satisfied the minimum procedural requirements of the Due Process Clause, which requires notice and an opportunity to be heard. See Metropolitan Edison Co. v. Pa. Public Utility Comm'n, 767 F.3d 335, 351 n.22 (3d Cir. 2014).

Here, the Greenblatts seek to raise the same Fourth Amendment claims that they raised (and had a full opportunity to litigate) in state court. The state court determined that the Greenblatts lacked standing to raise the claim. The claim was integral to the state

---

[1] Section 1738 has long been understood to encompass the doctrine of issue preclusion. San Remo Hotel v. City & County of San Francisco, 545 U.S. 323, 336 (2005).

4

court decision, and Klein was a defendant in the prior action. Thus, the Greenblatts were precluded from relitigating the Fourth Amendment claims against Klein in the federal court. And because the Greenblatts lost on the Fourth Amendment claims, there could be no meritorious exclusionary rule claims.

Next, we agree with the District Court that the Greenblatts failed to identify any federal or state cause of action for "harassment." We further agree that to the extent the complaint could be construed as raising a claim of intentional infliction of emotional stress, such a claim would fail, as the Greenblatts did not allege any physical injury or serious psychological damage from Klein's alleged actions. See, e.g., Taylor v. Metzger, 706 A.2d 685, 696 (N.J. 1998) (cause of action for intentional infliction of emotional distress requires that emotional distress suffered by plaintiff was so severe that no reasonable person could be expected to endure it).

As for the Takings claim, we agree that the claim is without merit.[2] As the state did not directly appropriate the Greenblatts' property, the District Court properly construed the Greenblatts' claim as a regulatory taking claim, see Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 370-71 (3d Cir. 2012); however, the Court noted that the Greenblatts had not alleged the existence of any government regulation that gave rise to the claim. Instead, they argued that Klein's harassment

---

[2] Further, it appears that any Takings Clause claim was unripe, as it does not appear that the Greenblatts availed themselves of New Jersey's procedures for obtaining compensation pursuant to the Eminent Domain Act of 1971, N.J.S.A. § 20:3-1 et seq. See also Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-95 (1985).

5

diverted them from seeking rental income, and pressured them to sell the property. But as the District Court noted, the Greenblatts did not allege total economic deprivation, as they were still able to rent the property to a variety of tenants during the period at issue. See Cowell v. Palmer Twp., 263 F.3d 286, 291 (3d Cir. 2001) ("[A] regulatory taking occurs only when the government's action deprives a landowner of all economically viable uses of his or her property.") (citing Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1019 (1992). The District Court correctly determined that the Greenblatts were in a position to know about applicable building codes and regulations when they bought the property, and that the character of the enforcement action here did not warrant any compensation to them. Thus, the Greenblatts did not show that any of Klein's actions constituted a "taking" as opposed to a legitimate enforcement of Borough or County laws and regulations.

Finally, we agree that there is no private cause of action under 18 U.S.C. § 1001. And to the extent the Greenblatts sought to raise a state-law civil claim for fraud, that claim is precluded because the claim is simply an attempt to relitigate the facts underlying the New Jersey court's decision.

For the foregoing reasons, we will affirm the District Court's judgment.